# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into between the Plaintiff, YVONNE SUTHERLAND ("Plaintiff") and the Defendants, VERONA GARDENS LLC, and JOSE POL (the "Defendants").

## Section I – General Recitals & Representations

**1.1** Plaintiff has filed a lawsuit against the Defendants alleging claims for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). *See* YVONNE SUTHERLAND v. VERONA GARDENS LLC and JOSE POL, Case No. 16–cv–60981–JEM.

**1.2** Defendants deny any and all allegations of wrongdoing, liability or fault. To compromise, settle and resolve their differences without admitting the validity of or any liability for the claims asserted by Plaintiff against Defendants, the parties have elected to voluntarily enter into this Agreement. Plaintiff agrees that neither this Agreement nor the furnishing of any consideration under this Agreement shall be construed or interpreted as an admission of any wrongdoing, unlawful conduct, fault or liability by Defendants.

**1.3** In consideration of these General Recitals & Representations (which are incorporated herein) and the terms, conditions, promises, covenants, releases and waivers contained in this Agreement, the parties, intending to be legally bound, agree as follows:

## Section II – Release & Payment

**2.1 Mutual Full and General Waiver of All Claims.** Plaintiff knowingly and voluntarily does hereby fully and generally release and waive any and all claims and actions against Defendants, including but not limited to, claims arising out of Plaintiff's employment or relationship with Defendants that she may now have against Defendants regardless of whether the claims are known or unknown, accrued or unaccrued, or discovered or not yet discovered. This full and general release and waiver includes, but is not limited to, all events, actions, and inactions of Defendants or any of Defendants' members, managers, shareholders, owners, officers, directors, employees, agents or representatives. Plaintiff expressly acknowledges and agrees that this release and waiver includes, but is not limited to, claims or lawsuits arising under the Fair Labor Standards Act ("FLSA"), as amended, The Florida Minimum Wage Act (§448.110 and §24, Article X of the Florida Constitution), Title VII of the Civil Rights Act of 1964 (as amended), The Florida Civil Rights Act of 1992, the federal Age Discrimination in Employment Act ("ADEA"), the Pregnancy Discrimination Act, 42 U.S.C. § 1981, the Equal Pay Act, the National Labor Relations Act, the Americans with Disabilities Act, the Family and Medical Leave Act of 1993, the Florida Whistle-Blower Act, the Sarbanes-Oxley Act of 1992, the federal Employee Retirement Income Security Act of 1974 ("ERISA"), the Immigration and Nationality Act, the Occupational Safety and Health Act ("OSHA"), the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), the federal Fair Credit Reporting Act, and any other federal or state statute or local ordinance or any common law cause of action including, without limitation, claims for unpaid minimum and overtime wages, age discrimination, sexual harassment, gender discrimination, retaliation (except as agreed upon in Section 2.1 (a) of this Agreement), breach of contract (express or implied) (except as agreed upon in Section 2.1 (a) of this Agreement), unjust enrichment, breach of a covenant of good faith and fair dealing, inadequate notice, fraud,

Y.S.
Plaintiff

Defendants for Verona Gardens

unpaid wages or commissions or bonuses, negligence, gross negligence, negligent hiring, training, retention and supervision, intentional infliction of emotional distress, wrongful or unlawful discharge, defamation, assault, battery, or claims of personal injury. This Agreement bars any claim or demand for loss or damages of any kind, including costs, attorneys' fees or other expenses. The listing of claims above is intended to be illustrative rather than exhaustive. However, this Agreement does not waive rights or claims that may arise after the date the waiver is executed. *Thus, this Agreement constitutes a full and final bar to any and all claims of any type that Plaintiff may have against Defendants.* Notwithstanding the above, Plaintiff acknowledges that she is not releasing: any rights or claims that may arise after this Agreement is signed; any rights or claims that by law cannot be released in this Agreement; or any rights or claims to enforce this Agreement.

Similarly, Defendants knowingly and voluntarily do hereby fully and generally release and waive any and all claims and actions against Plaintiff, including but not limited to, claims arising out of Plaintiff's employment or relationship with Defendants, that Defendants may now have against Plaintiff regardless of whether the claims are known or unknown, accrued or unaccrued, or discovered or not yet discovered. This full and general release and waiver includes, but is not limited to, all events, actions, and inactions of Plaintiff's or any of Plaintiff's agents or representatives. This Agreement bars any claim or demand for loss or damages of any kind, including costs, attorneys' fees or other expenses. However, this Agreement does not waive rights or claims that may arise after the date the waiver is executed. *Thus, this Agreement constitutes a full and final bar to any and all claims of any type that Defendants may have against Plaintiff.*

**2.1(a) Mutual Affirmations:** Defendants agree to continue Plaintiff's employment at five working shifts per week for a total of at least sixty (60) hours per week.. Defendants further agree to pay Plaintiff the applicable Florida minimum wage, plus overtime wages for any hour worked over forty (40) hours pursuant to and in accordance with the FLSA at all times during her employment. Plaintiff affirms that she remains an at-will employee and that Defendants may terminate her employment or modify her employment schedule for any non-retaliatory reason.. .

**2.2 Dismissal of Claims / Court Approval.** If the Court so requires, Plaintiff agrees to submit this settlement to the Court for approval and/or a fairness hearing in order to have the case dismissed against all parties with prejudice.

**2.3 Payment of Consideration by Defendants.** In exchange for: (1) Plaintiff's release and waiver of any and all claims (including those for attorneys' fees and costs) against Defendants; and (2) all other promises Plaintiff has made herein (including, but not limited to, those relating to confidentiality), Defendants agree to pay the collective total gross settlement value of **Twenty-Five Thousand Dollars and Zero Cents ($25,000.00)**, which is to be broken down as follows: (a) Plaintiff shall receive **Eighteen Thousand, One Hundred and Ninety-Five Dollars and Zero Cents ($18,195.00)**; and (b) Plaintiff's counsel shall receive **Six Thousand, Eight Hundred and Five Dollars and Zero Cents ($6,805.00)** for attorneys' fees and costs. Plaintiff shall be responsible for her tax obligations, if any. The settlement value, which resolves all of Plaintiff's claims, including for attorneys' fees, shall be paid as follows:

a. $9,097.50, less all standard deductions, as payment for unpaid minimum and overtime wages to Plaintiff. Defendants shall issue a W-2 to Plaintiff for this amount ("W-2 payment");

Y.S
Plaintiff

Defendants

b. $9,097.50, as payment for liquidated damages to Plaintiff. Defendants shall issue a 1099 to Plaintiff for this amount ("1099 payment");

c. $6,805.00 to Saenz & Anderson, PLLC, as payment for fees and costs. Defendants shall issue a 1099 for this payment.

Payment shall be made via check, credit card or wire transfer, as follows:

a. Seven Thousand Dollars and Zero Cents ($7,000.00), within thirty (30) days of the Order of Dismissal payable as follows:
   i. $6,805.00 to Saenz & Anderson, PLLC as payment for fees and costs.
   ii. $195.00 to Yvonne Sutherland, as W-2 payment.

b. Eighteen Thousand Dollars and Zero Cents ($18,000.00), which must be paid in three subsequent payments and as follows:

   i. $6,000.00 within thirty (30) days of the 1st payment payable as follows:
      a. $6,000.00 to Yvonne Sutherland as W-2 payment.

   ii. $6,000.00 within sixty (60) days of the 1st payment payable as follows:

      a. $2,902.50 as W-2 payment.
      b. $3,097.50 as 1099 payment.

   iii. $6,000.00 within ninety (90) days of the 1st payment payable to Yvonne Sutherland, as 1099 payment.

All payments shall be sent to Saenz & Anderson, PLLC, c/o R. Martin Saenz, Esq., 20900 NE 30th Avenue, Ste. 800, Aventura, Florida 33180 within ten (10) calendar days after the Plaintiff has executed this Agreement. However, all payments under this Agreement are contingent upon Court approval and shall remain in trust until such time as the Court dismisses this action with prejudice.

2.4 **Default Remedies.** In the event Defendants shall fail to make any payment (either to Plaintiff or to her attorneys) when due, Plaintiff and her attorneys may proceed with taking a Final Judgment against Defendants for the following amounts (plus interest at the highest rate allowable by law): (1) the balance then remaining after credit for payments made; plus (2) liquidated damages of FIVE THOUSAND DOLLARS ($5,000.00) to Plaintiff; and (3) liquidated damages of FIVE THOUSAND DOLLARS ($5,000.00) to SAENZ & ANDERSON, PLLC.

In addition, Defendants waive any defenses they may have had to such a claim excepting the defense of offset for payments made and not credited to the balance then alleged outstanding or timely payment within the cure period.

The Defendants shall have a FIVE (5) calendar day cure period, which shall be triggered by notice to the following person via email, phone, or any other type of correspondence:

Y.S
Plaintiff

Defendants for Verona Gardens

Brian D. Buckstein, Esq.
Gonzalez, Shenkman & Buckstein, P.L.
Wellington Reserve
1035 South State Rd. 7, Suite 312
Wellington, FL 33414
Phone: (561) 227-1575
Fax: (561) 227-1574
E-mail: bbuckstein@gsblawfirm.com

2.5 **Time to Sign Settlement Agreement:** The Parties agree to draft, negotiate, and fully execute the instant Agreement within five (5) calendar days from the date in which the attorney for the Plaintiff has filed a notice of settlement with the Court.

2.6 **Consideration is Adequate, Ample and All Inclusive:** Plaintiff specifically agrees that the sums paid to her under this Agreement constitute adequate and ample consideration for the rights and claims that she is releasing and waiving under this Agreement, and for the other obligations imposed upon her by this Agreement.

**Section III – Confidentiality & No Disparagement**

3.1 **Confidentiality.** Despite the fact that this Agreement may be made part of the Court record, Plaintiff agrees and understands that the circumstances surrounding this lawsuit, her employment with Defendants, and the Agreement are strictly and absolutely confidential. Notwithstanding any notations or filings in the judicial record, Plaintiff promises that she will not disclose the fact of or terms of this Agreement to anyone, unless ordered to do so by a court of competent jurisdiction. As is the case with all other provisions of this Agreement, Confidentiality is a material condition of this Agreement. Plaintiff agrees not to disclose or discuss this Agreement, the circumstances related thereto, or any information regarding the existence or substance of this Agreement to anyone except to an attorney and accountant with whom she chooses to consult regarding the execution of this Agreement. Defendants agree and understand that the circumstances surrounding this lawsuit, Plaintiff's employment with Defendant and the Agreement are confidential, except as necessary to disclose for a legitimate business reason.

3.2 **No Disparagement (mutual).** The Parties agree not to disparage each other, or their agents and representatives to any person or entity.

3.3 **Default Remedies.** In the event either party breaches the Confidentiality and/or Non-Disparagement portions of this Agreement, either party shall be liable to the other for liquidated damages of TEN THOUSAND DOLLARS ($10,000.00). Plaintiff will tender back the $18,195.00 payable under this agreement if she discloses any aspect of this Agreement to any current or former co-worker.

**Section IV – General Provisions**

4.1 **Encouragement to Consult Attorney and Time to Consider Agreement.** Plaintiff acknowledges that she was encouraged to consult an attorney before signing this Agreement. Plaintiff acknowledges that she has consulted an attorney before signing this Agreement. Plaintiff also acknowledges,

Y.S
Plaintiff

for Verona Gardens
Defendants

that she was given a reasonable period of time within which to review and consider this Agreement before signing it, and that she understands each term of the Agreement and her obligations hereunder.

4.2 **Effective Date.** This Agreement becomes effective and enforceable against the parties upon their execution of the Agreement.

4.3 **Amendment.** This Agreement may not be amended except by written agreement signed by Defendants and Plaintiff.

4.4 **Headings.** The headings and other captions in this Agreement are for convenience and reference only and shall not be used in interpreting, construing or enforcing any of the provisions of this Agreement or to define or limit the scope of any paragraph of this Agreement.

4.5 **Governing Law, Severability, Interpretation and Construction.** This Agreement shall be governed and construed in accordance with the laws of the State of Florida. The paragraphs and provisions of this Agreement are severable; if any paragraph or provision is found to be unenforceable, the remaining paragraphs and provisions will remain in full effect. If any provision of this Agreement is declared illegal or unenforceable by an arbitrator or court of competent jurisdiction, and if it cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The parties hereto acknowledge that this Agreement is a collaborative effort by the attorneys for the parties and that, as such, no provision of this Agreement shall be more strictly construed against one party as the draftsperson thereof.

4.6 **Litigation of Disputes.** In the event of a dispute as to the interpretation, enforcement, application or violation of this Agreement, it is understood and agreed that the instant Court shall retain jurisdiction to resolve such dispute. In fact, this Agreement is contingent upon the Court retaining jurisdiction to enforce the terms of this Agreement and to award attorney's fees in this action.

**Section V – Representations & Warranties**

5.1 **Capacity of the Parties.** Plaintiff represents and warrants to Defendants that she has the full power, capacity, and authority to enter into this Agreement. Plaintiff also represents and warrants that no portion of any claim, right, demand, action, or cause of action that Plaintiff has or might have had arising out of the acts, events, transactions, and occurrences referred to herein have been assigned, transferred, or conveyed to any person not a party to this Agreement, by way of subrogation, operation of law, or otherwise, and that no releases or settlement agreements are necessary or need to be obtained from any other person or entity to release and discharge completely any of Plaintiff's claims released in this Agreement.

5.2 **Entire Agreement.** This Agreement sets forth the entire agreement between Plaintiff and Defendants and shall supersede any and all prior agreements, representations, or understandings, whether written or oral, between the parties, except as otherwise specified in this Agreement.

5.3 **Recitals Incorporated.** All of the recitals and representations described above or referred to in this Agreement are herein incorporated by reference and specifically made a part of this Agreement, and the same are acknowledged as having been relied upon by the parties.

Y.S
Plaintiff

Defendants for Verona Gardens

5.4 **Attorney's Fees.** In any arbitration or litigation arising out of this Agreement, the prevailing party in such litigation shall be entitled to recover reasonable attorney's fees and costs at both the trial and appellate levels. Any rights of injunctive relief shall be in addition to and not in derogation or limitation of any other legal rights available to Plaintiff.

| **YVONNE SUTHERLAND** | **VERONA GARDENS LLC** |
|---|---|
| By: Yvonne Sutherland<br>Dated: 8.18.16 | By: ________<br>Name: Jose Pol<br>Position: Owner<br>Dated: 8-17-16 |
| | **JOSE POL**<br>By: ________<br>Dated: 8-17-16 |

YS
Plaintiff

for Verona Gardens
Defendants